

**U.S. Department of Justice**

*Michael J. Sullivan*
*United States Attorney*
*District of Massachusetts*

---

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

October 11, 2006

Walter H. Underhill, Esq.
66 Long Wharf, Fourth Floor
Boston, MA 02110

    Re: <u>United States v. Carli Holland</u>
           Criminal No. 04-10229-MLW

Dear Mr. Underhill:

    This letter sets forth the Agreement between the United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, Carli Holland ("Defendant"), in the above-captioned case. The Agreement is as follows:

    1.    <u>Change of Plea</u>

    At the earliest practicable date, Defendant shall waive her right to indictment and plead guilty to a one-count Information, a copy of which is appended hereto, charging her with attempting to harass a witness in an official proceeding to hinder and dissuade her from testifying, in violation of 18 U.S.C. § 1512(d). Defendant expressly and unequivocally admits that she in fact knowingly, intentionally and willfully committed and is guilty of that offense. At the time of sentencing, the U.S. Attorney agrees to dismiss the above-numbered one-count Indictment currently pending against Defendant and charging her with retaliation against a witness in an official proceeding, in violation of 18 U.S.C. § 1513(b).

    2.    <u>Penalties</u>

    Defendant faces the following maximum penalties upon conviction of the offense charged in the Information, which is classified as a Class A misdemeanor: a term of imprisonment of up to one year; a fine of up to $100,000; a period of supervised release of up to one year (if a term of imprisonment is imposed); a term of probation of up to five years (if no term of imprisonment is imposed); and a $25 special assessment.

EXHIBIT 1

3.  Sentencing Guidelines

The sentence to be imposed upon Defendant is within the discretion of the sentencing Court, subject to the statutory maximum penalties set forth above, and the provisions of the Sentencing Reform Act and the United States Sentencing Guidelines promulgated thereunder, as modified by United States v. Booker and United States v. Fanfan, 125 S.Ct. 738, 2005 WL 50108 (January 12, 2005). In imposing the sentence, the Court must consult and take into account the United States Sentencing Guidelines, along with the other factors set forth in 18 U.S.C. §3553(a).

The parties will take the following positions at sentencing with respect to the application of the United States Sentencing Guidelines:

(a) The parties agree to take the position that the applicable sentencing guideline is U.S.S.G. § 2 J1.2, that Defendant's base offense level thereunder is 14, and that an 8-level enhancement is applicable pursuant to U.S.S.G. § 2J1.2(b)(1)(A).

Defendant will argue for a departure pursuant to U.S.S.G. §§ 5H1.6 (Family Ties and Responsibilities), 5K2.20 (Aberrant Behavior), and 5K2.0(c) (Multiple Circumstances), and/or a deviation under the factors set forth in 18 U.S.C.§ 3553(a), from the sentencing range established by the United States Sentencing Guidelines. The U.S. Attorney will take no position regarding the propriety of a departure pursuant to U.S.S.G. § 5K2.20 (Aberrant Behavior), but it will oppose a departure or deviation on the other reserved grounds.

Based on Defendant's prompt acceptance of personal responsibility for the offense of conviction in this case, and information known to the U.S. Attorney at this time, the U.S. Attorney agrees to recommend that the Court reduce by three levels Defendant's Adjusted Offense Level under U.S.S.G. § 3E1.1.

The U.S. Attorney specifically reserves the right not to recommend a reduction under U.S.S.G. § 3E1.1 if, at any time between her execution of this Agreement and sentencing Defendant:

    (a) Fails to admit a complete factual basis for the plea;

    (b) Fails to truthfully admit her conduct in the offenses of conviction;

    (c) Falsely denies, or frivolously contests, relevant conduct for which Defendant is accountable under U.S.S.G. § 1B1.3;

    (d) Fails to provide truthful information about her financial status;

    (e) Gives false or misleading testimony in any proceeding relating to the criminal conduct charged in this case and any relevant conduct for which

        Defendant is accountable under U.S.S.G. § 1B1.3;

(f)     Engages in acts which form a basis for finding that Defendant has obstructed or impeded the administration of justice under U.S.S.G. § 3C1.1;

(g)     Intentionally fails to appear in Court or violates any condition of release;

(h)     Commits a crime;

(i)     Transfers any asset protected under any provision of this Agreement; and/or

(j)     Attempts to withdraw her guilty plea.

Defendant expressly understands that she may not withdraw her plea of guilty if, for any of the reasons listed above, the U.S. Attorney does not recommend that she receive a reduction in Offense Level for acceptance of responsibility.

Defendant expressly understands that, in addition to declining to recommend an acceptance-of-responsibility adjustment, the Government may seek an upward adjustment pursuant to U.S.S.G. § 3C1.1 if Defendant obstructs justice after date of this Agreement.

4. <u>Sentence Recommendation</u>

The U.S. Attorney agrees to recommend the following sentence before the District Court:

(a)     A term of incarceration at the low-end of the applicable guidelines sentencing range as determined by the Court at the time of sentencing;

(b)     A fine at the low-end of the applicable guidelines sentencing range as determined by the Court at the time of sentencing, unless the Court finds that Defendant is not able and, even with the use of a reasonable installment schedule, is not likely to become able to pay a fine;

(c)     A mandatory special assessment of $25;

(f)     A period of supervised release at the low-end of the applicable guidelines sentencing range as determined by the Court at the time of sentencing, or, in the event that Defendant's sentencing range falls within Zone A, a five-year period of probation.

Defendant agrees that she will provide to the U.S. Attorney expert reports, motions,

memoranda of law and documentation of any kind on which she intends to rely at sentencing not later than fourteen days before sentencing. Any basis for sentencing with respect to which all expert reports, motions, memoranda of law and documentation have not been provided to the U.S. Attorney at least fourteen days before sentencing shall be deemed waived.

In the event of an appeal from, or collateral challenge to, Defendant's sentence, the U.S. Attorney reserves her right to argue the correctness of Defendant's sentence and the manner in which the District Court determines it.

5. Payment of Mandatory Special Assessment

Defendant agrees to pay the mandatory special assessment to the Clerk of the Court on or before the date of sentencing, unless Defendant establishes to the satisfaction of the Court that Defendant is financially unable to do so.

6. Waiver of Rights to Appeal and to Bring Collateral Challenge

a. Defendant has conferred with her attorney and understands that she has the right to challenge both her conviction and her sentence on direct appeal. Defendant also understands that she may, in some circumstances, be able to argue that her conviction or sentence should be set aside or reduced in a collateral challenge, such as pursuant to a motion under 28 U.S.C. § 2255 or 18 U.S.C. § 3582(c).

b. Defendant waives any right she has to challenge her conviction on direct appeal or in collateral challenge.

c. Defendant agrees that she will not file a direct appeal nor collaterally challenge any imprisonment sentence of 12 months or less. This provision is binding even if the Court employs a Guidelines analysis different from that set forth in this Agreement

d. This Agreement does not affect the rights of the United States as set forth in 18 U.S.C. § 3742(b). Defendant expressly acknowledges that he understands the U.S. Attorney has retained his appeal rights.

7. Court Not Bound By Agreement

The sentencing recommendations made by the parties and their respective calculations under the Sentencing Guidelines are not binding upon the U.S. Probation Office or the sentencing judge. Within the maximum sentence which Defendant faces under the applicable law, the sentence to be imposed is within the sole discretion of the sentencing judge. Defendant's plea will be tendered pursuant to Fed. R. Crim. P. 11(c)(1)(B). Defendant may not withdraw her plea of guilty regardless of what sentence is imposed. Nor may Defendant withdraw her plea because the U.S. Probation Office or the sentencing judge declines to follow the Sentencing

Guidelines calculations or recommendations of the parties. In the event that the sentencing judge declines to follow the Sentencing Guidelines calculations or recommendations of the U.S. Attorney, the U.S. Attorney reserves the right to defend the sentencing judge's calculations and sentence in any subsequent appeal or collateral challenge.

    8.    Civil Liability

By entering into this Agreement, the U.S. Attorney does not compromise any civil liability, including but not limited to any tax liability, which Defendant may have incurred or may incur as a result of her conduct and her plea of guilty to the charges specified in paragraph one of this Agreement.

    9.    Rejection of Plea By Court

Should Defendant's guilty plea not be accepted by the Court for whatever reason, or later be withdrawn on motion of Defendant, this Agreement shall be null and void at the option of the U.S. Attorney.

    10.    Breach of Agreement

If the U.S. Attorney determines that Defendant has failed to comply with any provision of this Agreement, has violated any condition of her pretrial release, or has committed any crime following her execution of this Agreement, the U.S. Attorney may, at her sole option, be released from her commitments under this Agreement in their entirety by notifying Defendant, through counsel or otherwise, in writing. The U.S. Attorney may also pursue all remedies available to her under the law, irrespective of whether she elects to be released from her commitments under this Agreement. Further, the U.S. Attorney may pursue any and all charges which have been, or are to be, dismissed pursuant to this Agreement. Defendant recognizes that no such breach by her of an obligation under this Agreement shall give rise to grounds for withdrawal of her guilty plea. Defendant understands that, should she breach any provision of this agreement, the U.S. Attorney will have the right to use against Defendant before any grand jury, at any trial or hearing, or for sentencing purposes, any statements which may be made by her, and any information, materials, documents or objects which may be provided by her to the government subsequent to this Agreement, without any limitation. In this regard, Defendant hereby waives any defense to any charges which she might otherwise have under any statute of limitations or the Speedy Trial Act.

    11.    Who Is Bound By Agreement

This Agreement is limited to the U.S. Attorney for the District of Massachusetts, and cannot and does not bind the Attorney General of the United States or any other federal, state or local prosecutive authorities.

    12.    Complete Agreement

This letter contains the complete and only agreement between the parties. No promises, representations or agreements have been made other than those set forth in this letter. This Agreement supersedes prior understandings, if any, of the parties, whether written or oral. This Agreement can be modified or supplemented only in a written memorandum signed by the parties or on the record in court.

If this letter accurately reflects the Agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney James Lang.

Very truly yours,

MICHAEL J. SULLIVAN
United States Attorney

By: _____
LAURA J. KAPLAN, Chief
Violent & Organized Crime Section

ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter in its entirety and discussed it with my attorney. I hereby acknowledge that it fully sets forth my agreement with the United States Attorney's Office for the District of Massachusetts. I further state that no additional promises or representations have been made to me by any official of the United States in connection with this matter. I understand the crimes to which I have agreed to plead guilty, the maximum penalties for those offenses and Sentencing Guideline penalties potentially applicable to them. I am satisfied with the legal representation provided to me by my attorney. We have had sufficient time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Plea Agreement and whether I should go to trial. I am entering into this Agreement freely, voluntarily, and knowingly because I am guilty of the offenses to which I am pleading guilty and I believe this Agreement is in my best interest.

Carli Holland
Defendant

Date: 10-18-06

I certify that Carli Holland has read this Agreement and that we have discussed its meaning. I believe she understands the Agreement and is entering into the Agreement freely, voluntarily and knowingly.

Walter H. Underhill, Esq.
Attorney for Defendant

Date: 10/18/06